IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK M. SALAN, et al. | : | |
| v. | : | CIVIL NO. L-02-144 |
| CHARLES E. WEHLAND | : | |

**MEMORANDUM**

On March 27, 2002, Defendant Charles Wehland filed a Motion to Dismiss. For the reasons stated below, the Court will, by separate Order, DENY Defendant's Motion, without prejudice to refiling as a Motion for Summary Judgment at the close of discovery.

**I.    Background**

This is an attorney malpractice action regarding an ineffective land transfer. Suit was brought by Necia Salan and her two children, Frederick and Debra Salan (collectively "Plaintiffs"). Ms. Salan is the would-be grantor's daughter by his first marriage. Mr. Wehland was the attorney responsible for the deeds and conveyances.

On March 6, 1986, Samuel Caplan, now deceased, conveyed his fee simple interest in the disputed property to himself and his second wife, Gertrude Caplan, as tenants by the entirety. On January 14, 1987, Mr. Caplan signed a second instrument which purported to convey a life estate to himself and Mrs. Caplan, a subsequent life estate to Ms. Salan, with the remainder to Ms. Salan's children. The 1987 instrument did not have a place for the signature of Mrs. Caplan. The 1987 deed refers to a 1983 deed, but makes no mention of the 1986 instrument.

Mr. Caplan passed away in 1990. In 1991, Ms. Salan tried unsuccessfully to have Mr.



Wehland disqualified as the personal representative of Mr. Caplan's estate. On October 14, 1994, a "deed of correction" was filed, apparently to clear any title clouds that may have resulted from the ineffectual 1987 deed.

On January 14, 2002, Plaintiffs filed suit alleging attorney malpractice and deceit/failure to disclose the 1994 corrective deed. Plaintiffs pray for $1 million in compensatory damages and $3 million in punitive damages.

## II.  Motion to Dismiss Standard

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

## III.  Analysis

### A.  Defendant's Duty to Plaintiffs

In Maryland, the general rule is that a legal malpractice plaintiff must show the existence of an attorney-client relationship between the plaintiff and the defendant. Stone v. Chicago Title Ins. Co., 330 Md. 329, 335 (1993). An exception to the privity requirement is available to a nonclient who alleges and proves that the intent of the client to benefit the nonclient was a direct purpose of the transaction or relationship. Flaherty v. Weinberg, 303 Md. 116, 130-131 (1985).

2

The Plaintiffs have alleged that the primary purpose of the 1987 deed was to benefit them through the conveyance of property. Because discovery has not been had, it is premature to analyze whether the evidence bears out their contention.

Accordingly, Plaintiffs' claims survive Defendant's no-duty argument.

**B.     Whether Plaintiffs' Harm was Caused by Defendant's Alleged Malpractice**

To prevail in an attorney malpractice claim, a plaintiff must prove that damages to the plaintiff were proximately caused by the attorney's neglect of a reasonable duty. Stone, 330 Md. at 335.

Mr. Wehland argues that the Plaintiffs cannot establish the requisite causal connection because the failure of the 1987 deed was a product of Mrs. Caplan's refusal to join in her husband's conveyance. Mr. Caplan, as a tenant by the entirety, needed his wife's consent to convey the property. Absent her consent, the 1987 deed was ineffectual. Mr. Wehland contends that he filed the 1987 instrument to prepare for the possibility that Mr. Caplan might, by right of survivorship, once-again acquire the disputed property in fee simple, at which time the 1987 deed would have taken effect. So viewed, the 1987 deed would not be improper.

Mr. Wehland's argument is better-suited for summary judgment. Whether the deed was in fact the result of bad legal advice or the product of a tactical decision is impossible to determine without discovery.

**C.     Timeliness of Legal Malpractice Claim**

The statute of limitations for a claim of legal malpractice is three years. Berringer v. Steele, 133 Md. App. 442, 492 (2000). The statute begins to run when the malpractice is discovered, or, with due diligence, when it should have been discovered. Fairfax Savings v. Weinberg & Green, 112 Md. App. 587, 612 (1996).

3

Mr. Wehland argues that the Plaintiffs should have been aware of the state of title in 1991 when, after Mr. Caplan died, Ms. Salan petitioned unsuccessfully to have Mr. Wehland removed as the personal representative of her father's estate. Because Ms. Salan argued that Mr. Wehland had committed malpractice while representing her father, Mr. Wehland contends that Ms. Salan knew of the ineffective 1987 deed. Plaintiffs respond that they were never put on inquiry notice because Mr. Caplan repeatedly assured them that he had conveyed a life estate to Ms. Salan, with her children as remaindermen. Even if they had been put on inquiry notice, Plaintiffs argue that they would have been unable to discover the malpractice because the 1986 tenancy by the entirety deed was not referenced in the 1987 instrument. Because the 1986 deed, and the accompanying limitations on conveyance which it created, was not referred to in the subsequent document, it was undiscoverable through a normal title search.

These arguments depend on facts not yet in the record. Accordingly, they can be reargued once the underlying factual predicate has been laid by discovery.

### D.  No Duty for Deceit/Non-Disclosure

Finally, Mr. Wehland argues that, because he was not the attorney for the Plaintiffs, he did not owe a duty to disclose to them. The Court finds that this issue cannot be resolved without additional briefing. Neither party addresses whether a duty to disclose will be found vis-a-vis an intended third party beneficiary under the Flaherty rationale. Because the case is proceeding to discovery on the attorney malpractice claim, however, it will not conserve resources to further delay discovery while the parties brief this question. The parties may address this issue in their motions for summary judgment.

4

## IV. Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss will be DENIED and the case will PROCEED to DISCOVERY.

Dated this 22 day of October, 2002.

_____
Benson Everett Legg
United States District Judge
