IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**FREDERICK M. SALAN, et al.**

      **Plaintiffs**

v.                                                                               Case No.: L-02-144

**CHARLES E. WEHLAND**

      **Defendant**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REQUEST FOR LEAVE TO AMEND COMPLAINT
AND MOTION TO EXTEND DISCOVERY DEADLINE**

Plaintiffs, Necia, Frederick, and Debra Salan (hereafter "Necia", Fred", and "Debra"), hereby request leave to amend their First Amended Complaint and move to extend the deadline for discovery and for cause state:

1. During the course of discovery documents were discovered which lead Plaintiffs' counsel to believe that there might be a cause of action against the Defendant, Charles E. Wehland, for negligence in the handling and or conversion of monies that should have been accounted for in the estate of Samuel H. Caplan, but apparently were not. Samuel H. Caplan was the father of Necia and the grandfather of Debra and Fred and the original owner of the property at the heart of this action. The Defendant was the Personal Representative of Mr. Caplan's estate. Mr. Caplan died in 1990 and his estate was closed in August of 1993.

2. Among the documents Mr. Wehland produced during discovery were a number of statements of accounts and certificates of deposit that appeared to be held solely in Mr. Caplan's name. These accounts and certificates total over $30,000.00 and all were still extant after the closing of Mr. Caplan's Estate and none were accounted for therein. When Mr. Wehland was

deposed on April 30, 2003, he was confronted with these documents from his files, but could shed no light on what was done with the funds (if anything) and, in fact, stated that he had never seen any of them before. In reference to Mr. Caplan's Estate Account, there was evidence that in 1999 the account was still open, was dormant, and held over $15,000.00. Mr. Wehland stated that he believed he closed the account, but could not remember when. He further stated that all the funds in the account belonged to Mrs. Caplan, the decedent's spouse. Plaintiffs' counsel believes this to be improper if not actually actionable.

3. Mr. Wehland's only explanation as to the existence of the accounts was that he believed that they were joint accounts with Mrs. Caplan. Plaintiffs' counsel, however, has it on information and belief through phone calls to some of the banks involved that if the accounts were jointly held or were payable on death accounts, this would be reflected on the statement.

4. Plaintiffs' counsel has issued subpoenas to most of the financial institutions involved, but they may not be able to respond prior to the June 5, 2003 discovery deadline. Furthermore, some of the institutions are no longer in business and counsel is in the process of investigating whether it will even be possible to trace the funds in the accounts held by those banks.

5. In addition, there was at least one insurance policy it appears, from which Mr. Wehland's office received a dividend check and upon which he may have made payments for Mr. Caplan well after his death. The insurer has been subpoenaed. Necia was the beneficiary on the policy and only recently was the death benefit paid to her. It appears, at the very least, that Necia was deprived of the use of the money for more than a decade by Mr. Wehland's apparent negligence.

6. Based on the foregoing, Plaintiff's' move to extend the deadline for discovery for sixty days as to issues involving the mishandling of Mr. Caplan's funds and at that time be allowed to

amend their complaint to reflect the facts revealed by the discovery produced by the various financial institutions and insurer(s),

7. Plaintiffs also discovered during the course of discovery from documents held by Necia's attorney in California and by Defendant statements by Mr. Wehland which Plaintiffs will allege lead them to believe, both before and after the death of Mr. Caplan, that their interests in the Department Store property were valid and in being and that they relied on those statements. Based on the foregoing, Plaintiffs request leave to amend their complaint to include a count for detrimental reliance and any other applicable action based on those facts.

                                              **A. KEITH WEINER, Federal Bar No. 023756**
                                              **Margolis, Pritzker & Epstein, P.A.**
                                              **405 E. Joppa Road, Suite 100**
                                              **Towson, Maryland 21286**
                                              **(410) 823-2222**
                                              **Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May, 2003, a copy of the foregoing Request for Leave to Amend Complaint and Motion to Extend Discovery Deadline, was sent via first class, postage prepaid, to:

                                **Jeffrey W. Bredeck, Esquire**
                                **Eccleston & Wolf, P.C.**
                                **7th Floor - Scarlett Place**
                                **729 East Pratt Street**
                                **Baltimore, MD 21202**

                                              **A. KEITH WEINER, Federal Bar No. 023756**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**FREDERICK M. SALAN, et al.**

    **Plaintiffs**

v.                                               **Case No.: L-02-144**

**CHARLES E. WEHLAND**

    **Defendant**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

For the reasons set out in Plaintiffs' REQUEST FOR LEAVE TO AMEND COMPLAINT AND MOTION TO EXTEND DISCOVERY DEADLINE it is hereby ordered this _____ day of _____, 2003 that the discovery deadline as to those issues pertaining to the alleged mishandling of monies belonging to the Estate of Samuel H. Caplan by Defendant, Charles E. Wehland, Esq., is hereby extended to August 4, 2003 and, at that time, leave is granted Plaintiffs to amend their suit to reflect the facts discovered and to also amend to include a count for detrimental reliance and or other applicable causes.

                                                        _____
                                                        **JUDGE SUSAN K. GAUVEY**
                                                       **U.S. Magistrate Judge**
                                                       **United States District Court**
                                                       **District of Maryland**