IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK M. SALAN, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: L-02-144 |
| CHARLES E. WEHLAND | * | |
| Defendant | * | |

\* \* \*

REQUEST TO EXTEND TIME BEFORE WHICH PREJUDICE
ATTACHES TO LOCAL RULE 111 DISMISSAL OR IN
THE ALTERNATIVE TO RETURN THE CASE TO
THE ACTIVE DOCKET FOR GOOD CAUSE SHOWN

Necia Salan, Frederick Salan, and Debra Salan, Plaintiffs, hereby request that the Court extend the time when prejudice attaches to the Local Rule 111 dismissal order of Judge Gauvey dated August 14, 2003 or in the alternative, if that request is not granted, request that the case be returned to the active docket for good cause shown and for cause state:

1. After mediation by Magistrate Judge James K. Bredar on August 14, 2003 the parties to this action reached an agreed settlement (hereafter "Agreement"). The Agreement contains a number of terms, conditions, and contingencies that must be met before it becomes effective. Certain of these terms and conditions will not be performed by the date of October 13, 2003 when prejudice attaches to the August 14th dismissal order.

2. Specifically, the most important contingency that must be met before the Agreement can be performed in its entirety is the complete settlement of a related caveat

proceeding in the estate of Gertrude Caplan.  A separate agreement has been reached with Mrs. Caplan's estate, but its terms have not yet been completed.  For this reason alone, the Agreement has failed of its own terms.  Nonetheless, Plaintiffs believe that the estate settlement will occur given a little more time to complete its terms.

      3.  The Agreement contains contingencies to the other terms contained therein: that settlement in Mrs. Caplan's caveat proceeding be completed by September 30, 2003, that Mr. Wehland resign as personal representative of Samuel Caplan's estate before or on October 1st, and that Plaintiffs release Mr. Wehland by the 10th of October.  As previously stated, the settlement between Plaintiffs and Mrs. Caplan's estate has not yet been completed through no fault of the Plaintiffs.  Mr. Wehland has filed a resignation from his position of personal representative of Samuel Caplan's estate, however, his resignation has not technically been accepted by the Orphans Court for Howard County.   The release required must be joined in by the new personal representative of Mr. Caplan's estate.  Until October 15th there will be no new personal representative.  None of the above will be completed prior to the October 13th deadline.

    Based on the foregoing, Plaintiffs request that the date for prejudice to attach to the Dismissal Order of August 14, 2003 be extended 45 days to November 27, 2003 or if that request is not granted that this action be returned to the active docket for good cause shown.

                                          _____/s/_____
                                        A. Keith Weiner, Bar#023756
                                        Margolis, Pritzker & Epstein, P.A.
                                        405 E. Joppa Road, Suite 100
                                        Towson, Maryland 21286
                                        410-823-2222

                                        Attorney for Plaintiffs

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 8th day of October, 2003, a copy of the foregoing Plaintiffs' Request To Extend Time Before Which Prejudice Attaches to Local Rule 111 Dismissal Or In The Alternative to Return The Case to The Active Docket for Good Cause Shown was mailed first class, postage prepaid to:

    Jeffrey W. Bredeck, Esquire
    Eccleston & Wolf, P.C.
    7th Floor - Scarlett Place
    729 East Pratt Street
    Baltimore, Maryland 21202

    _____/s/_____
    A. Keith Weiner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK M. SALAN, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: L-02-144 |
| CHARLES E. WEHLAND | * | |
| Defendant | * | |

\* \* \*

## FIRST PROPOSED ORDER

PLAINTIFFS', Necia Salan, Frederick Salan, and Debra Salan's request to extend the time at which prejudice attaches to this Court's Local Rule 111 Dismissal Order of August 14, 2003 is hereby granted and prejudice shall not attach until November 27, 2003. This order does not preclude any further motions for extensions or to object to dismissal for good cause shown pursuant to Local Rule 111.

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK M. SALAN, et al. | * | |
|    Plaintiffs | * | |
| v. | * | Case No.: L-02-144 |
| CHARLES E. WEHLAND | * | |
|    Defendant | * | |

\* \* \*

## ALTERNATIVE PROPOSED ORDER

PLAINTIFFS', Necia Salan, Frederick Salan, and Debra Salan's request to extend the time at which prejudice attaches to this Court's Local Rule 111 Dismissal Order of August 14, 2003 is hereby **Denied** and the above captioned case is to be returned to the active docket good cause having been shown.

_____
JUDGE