IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK M. SALAN, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: L-02-144 |
| CHARLES E. WEHLAND | * | |
| Defendant | * | |

\* \* \*

**PLAINTIFFS' SECOND REQUEST TO EXTEND TIME BEFORE
WHICH PREJUDICE ATTACHES TO LOCAL RULE 111
DISMISSAL OR IN THE ALTERNATIVE TO RETURN THE
CASE TO THE ACTIVE DOCKET FOR GOOD CAUSE SHOWN**

Necia Salan, Frederick Salan, and Debra Salan, Plaintiffs, hereby request that the Court extend the time when prejudice attaches to the Local Rule 111 dismissal order of Judge Gauvey dated August 14, 2003 or in the alternative, if that request is not granted, request that the case be returned to the active docket for good cause shown and for cause state:

1. Prejudice was to attach on October 13, 2003 to the Rule 111 dismissal of this action. Because many of the contingencies contained in the Settlement Agreement between the parties had not been met by that date, Plaintiffs requested that the Court extend that date 45 days to November 27, 2003. The Court granted that request on October 14, 2003. There has been some headway made during the last 45 days, but many of the contingencies are still unmet (Plaintiffs' original Request to Extend Time Before Which Prejudice Attaches to Local Rule 111 Dismissal or in the Alternative to Return the Case to the Active Docket for Good Cause Shown is incorporated herein by reference as if fully set forth).

2. Specifically, the most important contingency that must be met before the Agreement can be performed in its entirety is the complete settlement of a related caveat proceeding in the estate of Gertrude Caplan. A separate agreement has been reached with Mrs. Caplan's estate, but its terms have not yet been completed. For this reason alone, the Agreement has failed of its own terms. Nonetheless, Plaintiffs believe and have assurances from Mrs. Caplan's Estate that settlement is imminent. Once that action is resolved, the road is cleared to complete the settlement of this case.

Based on the foregoing, Plaintiffs request that the date for prejudice to attach to the Dismissal Order of August 14, 2003 be extended another 45 days to January 11, 2004 or if that request is not granted that this action be returned to the active docket for good cause shown.

_____/s/_____
A. KEITH WEINER, Bar #023756
Margolis, Pritzker, Epstein & Blatt, P.A.
405 E. Joppa Road, Suite 100
Towson, Maryland 21286
(410) 823-2222

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2003, a copy of the foregoing Plaintiffs' Second Request to Extend Time Before Which Prejudice Attaches to Local Rule 111 Dismissal Or In The Alternative to Return The Case to The Active Docket for Good Cause Shown was mailed first class, postage prepaid to:

Jeffrey W. Bredeck, Esquire
Eccleston & Wolf, P.C.
7th Floor - Scarlett Place
729 East Pratt Street
Baltimore, Maryland 21202

_____/s/_____
A. KEITH WEINER