## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMES K. BREDAR**<br>**U.S. MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-0950**<br>**(410) 962-2985 FAX** |

April 16, 2004

| | |
|---|---|
| A. Keith Weiner, Esquire<br>Margolis Pritzker and Epstein, PA<br>405 East Joppa Road, Suite 100<br>Towson, Maryland   21286 | Jeffrey W. Bredeck, Esquire<br>Alfred L. Scanlan, Jr., Esquire<br>Eccleston and Wolf, PC<br>Scarlett Place, Seventh Floor<br>729 East Pratt Street<br>Baltimore, Maryland   21202 |

Subject: *Frederick M. Salan, et al. v. Charles E. Wehland*
Civil No. SKG-02-144

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Tuesday, June 22, 2004, at 10:00 a.m.** to be held in my chambers (Room 8C, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland).  It is required that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is not sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

No later than **Tuesday, June 15, 2004,** I would like to receive by regular mail, not electronically, from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

U.S. District Court (Rev. 9/2001)

Letter to Counsel - *Salan v Wehland*
Page Two
April 16, 2004

      The letters may be submitted <u>ex</u> <u>parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

      The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d).

      Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

      Very truly yours,

      /s/

      James K. Bredar
      United States Magistrate Judge

JKB/cw
cc: The Hon. Benson E Legg
    The Hon. Susan K Gauvey
    Court file
    Chambers file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.